IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



SONYA GRANT,

    Plaintiff,

v.                            Civil Case No. 2:13-cv-342

BANK OF AMERICA, N.A., ET AL.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants Bank of America, N.A. ("BOA") and Stacy Klevay's (collectively, "Defendants") Motion to Dismiss ("Motion"), Doc. 7, for failure to state a claim upon which relief can be granted.[1] See Fed. R. Civ. P. 12(b)(6). After careful examination of the parties' briefs and the record, this Court has determined that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' filings, and the decisional process would not be significantly aided by a hearing. For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**.

### I. Factual History and Procedural Background

A.    Factual History[2]

Plaintiff Sonya Grant ("Plaintiff"), a Black female, worked for BOA as a Vice President and banking center manager. See Compl. ¶¶ 1, 8, ECF No. 1 (hereinafter "Doc. 1."). In 2009, BOA

---

[1] Initially, Defendants also moved to dismiss under Federal Rules of Civil Procedure 12(b)(1)—Lack of Subject Matter Jurisdiction; however, in their Reply, Doc. 11, they withdrew this basis for dismissal.
[2] "In considering a motion to dismiss, [the court] accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993)). This Court cautions, however, that the facts alleged by Plaintiff are recited here for the limited purpose of deciding the instant Motion. The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding.

1

rated Plaintiff's performance as "Meets Expectations" at the end of every quarterly and year-end performance review. Doc. 1, ¶ 10. Defendant Klevay, a White female, was assigned as BOA's Senior Vice President on February 1, 2010, making her Plaintiff's direct supervisor. Id. at ¶¶ 11–12. Thereafter, Plaintiff contends she was denied the same resources as other, similarly situated White and Asian managers; was disparately disciplined for passing performance review scores; and was ultimately terminated rather than being reassigned, as other managers had been when their performance was at issue. Id. at ¶¶ 13–14.

Specifically, Plaintiff complains that by April 2010, Defendants fired six of the fifteen to twenty banking associates under her direction, failed to provide her center with experienced replacements, and disregarded her concerns about the effects of having a high number of inexperienced personnel on site. Id. at ¶¶ 19–20. By contrast, Plaintiff claims BOA provided other, similar banking centers with both a greater number and more experienced employees. Id. at ¶ 19.

Additionally, Plaintiff believes that BOA disciplined her on mere pretexts in order to give cause to terminate her. On March 29, 2010, Plaintiff received a written warning for her passing assessment score.[3] She was then issued two more written warnings concerning her performance in rapid succession on April 6[4] and June 1, 2010, id. at ¶ 18, ¶ 20, before she was terminated on July 23, 2010. Pl. Mem. In Opp'n Mot. to Dismiss, ECF No. 10 at 1 (hereinafter "Doc. 10."). Plaintiff contends that her termination equates to disparate treatment, as two other White BOA managers received transfers or demotions rather than termination as a result of their performance issues. Doc. 1 at ¶ 20.

---

[3] A "passing score" is defined as "5" according to BOA policy, which is what the Plaintiff received based upon the Banking Center International Control Review assessment tool. See Doc. 1 at ¶ 16-17.
[4] Plaintiff asserts that this "warning" cites a BOA policy requiring continuous "lobby leadership" that does not exist. Doc. 1 at ¶¶ 13, 14.

B.     **Procedural History**

As required before filing suit, Plaintiff filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against BOA. Id. at ¶ 8. The EEOC issued a Notice of Right to Sue letter to Plaintiff and within ninety days, on June 18, 2013, Plaintiff filed suit in this Court. Id. In Count I of her Complaint, Plaintiff claims Defendant BOA[5] violated Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., by racially discriminating against her in denying her "the resources provided to other similarly situated employees outside the protected class" and terminating her employment rather than demoting her. Doc. 1 at ¶¶ 23–24. In Count II of her Complaint, Plaintiff claims that Defendants violated 42 U.S.C. § 1981 by "intentionally interfere[ing] with Plaintiff's contract of employment . . ." as described above, "because of their discriminatory animus towards her race." Id. at ¶¶ 30–32.

On July 1, 2013, Defendants filed the instant Motion with a supporting brief. Doc. 8. Plaintiff responded in opposition on July 31, 2013, Doc. 10, and also filed a Cross Motion to Amend/Correct the Complaint ("Motion to Amend"). Doc. 9. Defendants replied on August 6, 2013, Doc. 11, but did not oppose Plaintiff's Motion to Amend. As the parties have submitted all appropriate filings, this matter is now ripe for disposition.

## II. Legal Standards

A.     **Motion to Dismiss**

Defendants seek to dismiss Count I and II of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which permits a defendant to seek dismissal based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to

---

[5] While Plaintiff's Complaint, See Doc. 1, is unclear that she alleges only BOA violated Title VII rather than both Defendants, Plaintiff clarified her allegations as to the Defendants in her Response in Opposition to Defendants' Motion to Dismiss. See Doc. 10 at 4-5.

dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id.

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Fair notice is provided by setting forth enough facts for the claim to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 570 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." Id. at 555 (quoting Neitzke v. Williams, 490 U.S. 319, 327, (1989). A complaint may, therefore, survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.' " Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

B.  **Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." A motion to dismiss is not a "responsive pleading" within the contemplation of Rule 15(a). Fed. R. Civ. P. 7(a); Vanguard Military Equip. Corp. v. David B. Finestone Co., 6 F. Supp. 2d 488, 492 (E.D. Va. 1997) (a motion is not a responsive pleading); Wallace v. Chrysler Credit Corp., 743 F. Supp. 1228, 1236 (W.D. Va. 1990) (a motion to dismiss is not responsive pleading for purposes of Rule 15).

### III. Analysis

A.  **Defendant's Motion to Dismiss Counts I and II**

Defendants assert that Plaintiff's claims should be dismissed as Plaintiff has failed to allege sufficient facts to state a claim against Defendants under Title VII or Section 1981. Def. Mot. to Dismiss, ECF No. 8 (hereinafter "Doc. 8."). Title VII prohibits racial discrimination against currently employed and prospective employees, see 42 U.S.C. § 2000e, and Section 1981 ensures that all citizens, regardless of their race, have the right "to make and enforce contracts . . . as is enjoyed by white citizens." § 1981(a); see also CBOCS W., Inc. v. Humphries, 553 U.S. 442, 445 (2008).

In order to state a cause of action on a Title VII disparate treatment claim, Plaintiff must plead facts demonstrating that defendants treated her differently because of her race in one of two ways: (1) by producing direct evidence that her race was a factor in BOA's decision to terminate her; or (2) by proffering indirect evidence that could reasonably create an inference of discrimination. See Adams v. Univ. of N. Carolina-Wilmington, 640 F.3d 550, 558 (4th Cir. 2011).

To state a cause of action under Section 1981, Plaintiff must plead facts demonstrating: (1) that Plaintiff is a member of a racial minority; (2) that there was intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the

statute. See e.g., Pena v. Porter, 316 Fed. Appx. 303, 316 (4th Cir. Mar.13, 2009); Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir .1993).

Here, Defendants argue that Plaintiff's Complaint is insufficient because it does not provide facts demonstrating direct discrimination, and therefore, is required to allege facts supporting each element of the burden-shifting framework set out in McDonnell Douglas Corporation v. Green. 411 U.S. 792 (1973).[6] See Doc. 8 at 6. Under the McDonnell Douglas framework, a plaintiff must allege that (1) she is a member of a protected class; (2) she was qualified for her job and her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) similarly situated employees not in the protected class received more favorable treatment. Johnson v. Quin Rivers Agency for Cmty. Action, Inc., 140 F. Supp. 2d 657, 663 (E.D. Va. 2001) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Specifically, Defendants contend that Plaintiff fails to provide any facts that demonstrate the second and fourth prongs of the McDonnell Douglas approach—namely that Plaintiff's job performance was satisfactory, and that other, non-protected BOA managers received more favorable treatment. Doc. 8 at 7–10.

Defendants' argument lacks merit. Plaintiff provides facts that show her performance was satisfactory when she states she was promoted to Vice President in 2008, received "meets expectations" reviews by BOA in 2009, and earned a "passing score" on the BOA assessment tool. Doc. 1 at ¶¶ 9, 10, 16. Plaintiff was given three written warnings concerning her performance in a relative short time frame in 2010, after Defendant Klevay was made her direct supervisor. Id. at ¶ 3. Plaintiff argues that that the warnings were merely "pretextual" as she was an employee of eighteen years who had received a promotion to Vice President two years before her termination, and had received "meets expectations" reviews just seven months prior. Id.

---

[6] The McDonnell Douglas approach applies equally to race discrimination claims under Title VII and Section 1981. See Hughes v. Navy Fed. Credit Union, 2012 U.S. Dist. LEXIS 1302 (E.D. Va. Jan. 4, 2012).

Additionally, Defendants argue that Plaintiff's Complaint lacks sufficient details to demonstrate that the other non-protected banking managers are similarly situated and that she received disparate treatment. Doc. 8 at 7. However, Plaintiff provides descriptions of other BOA banking centers in comparison to her own, contrasting the number of employees at each location; the relative experience levels of the personnel; and the number of employees who were terminated per center, all demonstrating how Plaintiff believes BOA orchestrated her disadvantage. Doc. 1 at ¶¶ 15, 19. Plaintiff also describes the action BOA took in handling other BOA manager's performance issues— demotions, transfers, and reassignment— which stands in contrast to Plaintiff's termination. Id.

Furthermore, the Supreme Court ruled in Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002), that "[t]he prima facie case under McDonnell Douglas, . . . is an evidentiary standard, *not a pleading requirement*." Id. (emphasis added). The Court "rejected the argument that a Title VII complaint requires greater 'particularity,' because this would "too narrowly constric[t] the role of the pleadings." Id. at 511( quoting McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 283 n.11 (1976)). "[U]nder a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the McDonnell Douglas framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case. Id.; see also Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121(1985).

Thus, given the relevant legal standards and Plaintiff's factual support, Plaintiff has met Rule 8(a)(2)'s requirements of "a short and plain statement of the claim showing that the pleader is entitled to relief."

B.     **Leave to Amend**

Plaintiff has requested Leave to Amend if the Court grants Defendants' Motion to Dismiss. However, as Defendants' Motion to Dismiss is denied, Plaintiff will have the opportunity to amend her Complaint as a matter of right, (without leave of court), since Defendants' Motion is not considered a responsive pleading.

### IV. Conclusion

For the reasons stated above, the Court **FINDS** that Plaintiff alleges sufficient facts to support her claims under Title VII and Section 1981. Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss Counts I and II of the Complaint is **DENIED**. Furthermore, Plaintiff is **ADVISED** she retains the right to file an amended complaint, without leave of court, pursuant to Federal Rule of Civil Procedure 15(a).

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
Date: October 18, 2013

8