IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



SONYA GRANT,

      Plaintiff,

v.                      Civil Case No. 2:13-cv-342

BANK OF AMERICA, N.A., ET AL.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Sonya Grant's ("Plaintiff") Motion to Strike Certain Affirmative Defenses ("Motion"), Doc. 15, asserted in Defendant Bank of America ("BOA") and Defendant Stacy Klevay's (collectively "Defendants") Answer. See Fed. R. Civ. P. 12(f). After careful examination of the parties' briefs and the record, this Court has determined that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' filings, and because the decisional process would not be significantly aided by a hearing. For the foregoing reasons, Plaintiff's Motion to Strike is **DENIED**.

                            I.      BACKGROUND

A.     **Factual History**

Plaintiff Sonya Grant, a Black female, worked for BOA as a Vice President and banking center manager. Doc. ¶ 1, 8. In 2009, BOA rated Plaintiff's performance as "Meets Expectations" at the end of every quarterly and year-end performance review. Id. at ¶ 10. Defendant Klevay, a White female, was assigned as BOA's Senior Vice President on February 1,

1

2010, making her Plaintiff's direct supervisor. Id. at ¶¶ 11–12. Thereafter, Plaintiff contends she was denied the same resources as other similarly situated White and Asian managers; was disparately disciplined for passing performance review scores; and was ultimately terminated rather than being reassigned, as other managers had been when their performance was at issue. Id. at ¶¶ 13–14.

Specifically, Plaintiff complains that by April 2010, Defendants fired six of the fifteen to twenty banking associates under her direction, failed to provide her center with experienced replacements for the fired employees, and disregarded her concerns about the effects of having a high number of inexperienced personnel on site. Id. at ¶¶ 19–20. By contrast, Plaintiff claims BOA provided other, similar banking centers with both a greater number and more experienced employees. Id. at ¶ 19.

Additionally, Plaintiff believes that BOA disciplined her on mere pretexts in order to give cause to terminate her. On March 29, 2010, Plaintiff received a written warning for her passing assessment score.[1] She was then issued two more written warnings concerning her performance in rapid succession on April 6, 2010[2] and June 1, 2010, id. at ¶ 18, ¶ 20, before she was terminated on July 23, 2010. Doc. 10 at 1. Plaintiff contends that her termination equates to disparate treatment, as two other White BOA managers received transfers or demotions rather than terminations as a result of their performance issues. Doc. 1 at ¶ 20.

In their Answer, Doc. 14, Defendants filed several affirmative defenses, ten of which are the subject of the instant Motion. They are as follows:

> 3. To the extent the scope of the Complaint exceeds the scope of the Charge of Discrimination filed by Plaintiff with the Equal

---

[1] A "passing score" is defined as "5" according to BOA policy, which is what the Plaintiff received based upon the Banking Center International Control Review assessment tool. See Doc. 1 at ¶ 16-17.
[2] Plaintiff asserts that this "warning" cites a BOA policy requiring continuous "lobby leadership" that does not exist. Doc. 1 at ¶¶ 13, 14.

2

>Employment Opportunity Commission (the "EEOC") and the EEOC's investigation reasonably related to those charges, Plaintiff may not pursue claims outside the scope of the Charge. 4. To the extent Plaintiff has suffered any damage or injury, which is expressly denied, Plaintiff has failed to mitigate her damages and, therefore, her claims for relief are barred. . . . 6. Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendants to avoid harm. 7. Because of BANA's good faith efforts to comply with employment discrimination laws, and its promulgation and maintenance of policies and procedures designed to prevent and correct any alleged discrimination in the workplace, Plaintiff cannot recover punitive damages based on allegations of discrimination by BANA's employees. 8. Defendants have, at all times, treated Plaintiff in a fair and non-discriminatory manner and have legitimate business reasons for their actions. Plaintiff's claims against Defendants are frivolous and brought in bad faith. 9. Plaintiff, by her actions, violated Defendants' policies, rules and/or standards of employee conduct and is therefore estopped, has waived, or is otherwise precluded from asserting the claims for damages or the relief which is set forth in the Complaint. 10. Plaintiff's alleged injuries and damages, which are not admitted but expressly denied, were proximately caused and contributed by Plaintiff's own acts and are therefore barred or reduced in amounts to be determined by the trier-of-fact. 11. Plaintiff's race was not a substantial or motivating factor in any actions Defendants may have taken relevant to her. 12. Defendants would have made the same decisions relative to Plaintiff even absent her protected status. 13. Defendants have acted reasonably and in good faith at all times relevant to Plaintiff's claims and reasonably believes they have not violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, 42 U.S.C. § 1981, or any other applicable laws. Doc. 14 at 5–6.

In her Motion, Plaintiff claims that objected to defenses should be struck as they fail to satisfy the pleading requirements laid out by the Supreme Court in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B.     Procedural History**

As required before filing suit, Plaintiff filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against BOA. Id. at ¶ 8. The

3

EEOC issued a Notice of Right to Sue letter to Plaintiff and within ninety days, on June 18, 2013, Plaintiff filed suit in this Court. Id. In Count I of her Complaint, Plaintiff claims Defendant BOA[3] violated Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., by racially discriminating against her in denying her "the resources provided to other similarly situated employees outside the protected class" and terminating her employment rather than demoting her. Doc. 1 at ¶¶ 23–24. In Count II of her Complaint, Plaintiff claims that Defendants violated 42 U.S.C. § 1981 by "intentionally interfere[ing] with Plaintiff's contract of employment . . ." as described above, "because of their discriminatory animus towards her race." Id. at ¶¶ 30–32.

On July 17, 2013, Defendants filed a Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction, Doc. 7. Plaintiff responded in opposition on July 31, 2013, Doc. 10, and also filed a Cross Motion to Amend/Correct the Complaint ("Motion to Amend"). Doc. 9. Defendants replied on August 6, 2013, Doc. 11, but did not oppose Plaintiff's Motion to Amend. On October 18, 2013, the Court issued an Opinion and Order denying Defendants' Motion to Dismiss. On November 1, 2013, Defendants filed an Answer, Doc. 14, and on November 22, 2013, Plaintiff filed the instant Motion, Doc. 15, to which Defendants filed a response in opposition on December 6, 2013, Doc. 17.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) allows a district court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Whether to grant a motion to strike under Rule 12(f) is within the sound discretion of the district court. See GTSI Corp. v. Wildflower Int'l, Inc., No. 1:09cv123, 2009 WL 2160451, at *4 (E.D. Va. July 17,

---

[3] While Plaintiff's Complaint, See Doc. 1, is unclear that she alleges only BOA violated Title VII rather than both Defendants, Plaintiff clarified her allegations as to the Defendants in her Response in Opposition to Defendants' Motion to Dismiss. See Doc. 10 at 4-5.

2009). "To grant a Rule 12(f) motion, the court must determine that the challenged allegations are 'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" Id. (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (2d ed.1990)). "A plaintiff may demonstrate prejudice if the answer unclearly articulates to which claims the affirmative defenses apply." Francisco v. Verizon South, Inc., No. 3:09cv737, 2010 WL 2990159, at *5 (E.D. Va. July 29, 2010) (citing Westbrook v. Paragon Sys., Inc., No. 07-0714-WS-C, 2007 U.S. Dist. LEXIS 88490, at *2 (S.D. Ala. Nov. 29, 2007) (disapproving of "shotgun pleading of affirmative defenses" when they fail to distinguish among multiple claims presented in a complaint)).

"Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations omitted). "Traditionally, it imposes a sizable burden on the movant, and courts typically strike defenses only when they have no possible relation to the controversy. Lopez v. Asmar's Mediterranean Food, Inc., No. 1:10cv1218, 2011 WL 98573, at *1 (E.D. Va. Jan. 10, 2011) (internal quotations omitted). However, "whenever granted, the defendant should generally be given leave to amend." Palmer v. Oakland Farms, Inc., No. 5:10cv29, 2010 WL 2605179, at *2 (W.D. Va. June 24, 2010); see also Francisco, 2010 WL 2990159 at *10 (granting defendant leave to amend its answer after the court struck some of the defenses in the answer).

Regarding how to sufficiently plead a defense in a responsive pleading, Federal Rule of Civil Procedure 8(b)(1)(A) provides that "a party must . . . state in short and plain terms its

5

defenses to each claim asserted against it." "Prior to the Supreme Court's decisions in Twombly and Iqbal, the United States Court of Appeals for the Fourth Circuit held that general statements of affirmative defenses were sufficient provided they gave plaintiffs fair notice of the defense." Francisco, 2010 WL 2990159 at *6 (citing Clem v. Corbeau, 98 Fed. Appx. 197, 203 (4th Cir. 2004) (finding that the defendant's answer "sufficiently encapsulated the elements" of an affirmative defense to have put the plaintiff on notice). The standard set forth in Twombly "requires that allegations in a claim for relief include enough factual matter, taken as true, to plausibly suggest an entitlement to relief." Lopez, 2011 WL 98573, at *1. "To date, no appeals courts have considered whether this standard should apply to affirmative defenses as well as claims for relief." Id. A slight majority of district courts, including those in the Fourth Circuit, "have found that Twombly/Iqbal should apply to affirmative defenses, though a sizeable minority has found otherwise." Id. (citations omitted).

### III. DISCUSSION

While the Eastern District of Virginia has produced two conflicting opinions as to whether the Supreme Court's plausibility standard applies to affirmative defenses, Plaintiff urges this court to follow Francisco v. Verizon South, Inc., 2010 WL 2990159 (E.D. Va. July 29, 2010), in which a magistrate judge found that Twombly/Iqbal do apply. However, on January 10, 2011, a district judge, in Lopez v. Asmar's Mediterranean Food, Inc., 1:10cv1218(JCC), 2011 WL 98573 (E.D. Va. Jan. 10, 2011), found that an affirmative defense need only be pleaded in general terms and will be held to be sufficient as long as it gives the plaintiff fair notice of the nature of the defense. Id. at *2. After researching and considering the conflicting positions, this Court believes that the minority position is most consistent with the purpose of the Twombly/Iqbal standards, and as such, have applied them to the motion at bar.

6

Plaintiff maintains that the reasoning of Iqbal and Twombly apply to both the pleading of claims and defenses with equal force, and has moved to strike Defendants' affirmative defenses under Rule 12(f) on the ground that they are not plausible. However, Rule 8's language governing the pleading of defenses does not track the language of Rule 8(a) governing the pleading of claims, the focus of those decisions. Furthermore, the Fourth Circuit has not held that the higher pleading standard applies to affirmative defenses. Therefore, because Rules 8(b) and 8(c) do not require a party to "show" that it is entitled to a defense, this Court declines to hold affirmative defenses to the same pleading standards required by Rule 8(a). Instead, this Court looks to whether the challenged defenses are contextually comprehensible.

Applying that test here, it is clear that Defendants' affirmative defenses are, on their face, contextually plausible and provide Plaintiff with fair notice of the nature of the defense. As Defendants point out, Plaintiff has not alleged prejudice or unfairness in relation to Defendants' defenses; therefore, all Defendants' defenses withstand the Plaintiff's Motion to Strike.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Strike, Doc. 15, is **DENIED** without a hearing.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
February 25, 2014